## Service of Process Transmittal Summary

EXHIBIT A TO NOTICE OF REMOVAL

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1411 OPUS PL STE 400
DOWNERS GROVE, IL 60515-1481

**RE:** **Process Served in Tennessee**

**FOR:** Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: Christian Smith // To: Costco Wholesale Corporation

**CASE #:** 83CC12025CV385

**NATURE OF ACTION:** Personal Injury - Failure to Maintain Premises in a Safe Condition

**PROCESS SERVED ON:** C T Corporation System, Knoxville, TN

**DATE/METHOD OF SERVICE:** By Traceable Mail on 04/14/2025

**JURISDICTION SERVED:** Tennessee

**ACTION ITEMS:** CT has retained the current log, Retain Date: 04/14/2025, Expected Purge Date: 04/29/2025

Image SOP

Email Notification, Laura Aznavoorian laura_aznavoorian@gbtpa.com

Email Notification, Maureen Papier maureen_papier@gbtpa.com

Email Notification, Derek Snead dsnead@costco.com

**REGISTERED AGENT CONTACT:** C T Corporation System
300 Montvue RD
Knoxville, TN 37919
866-401-8252
LargeCorporationTeam@wolterskluwer.com

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Non-Traceable Mail on 01/13/2025 | Laura Aznavoorian, Litigation Supervisor Gallagher Bassett Services, Inc. | 548154957 |
| -- | By Traceable Mail on 01/10/2025 | Laura Aznavoorian, Litigation Supervisor Gallagher Bassett Services, Inc. | 548144967 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

9589 0710 5270 0399 2640 04

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 37128
02 7H
0006206797

$ 010.48⁰
APR 09 2025

ROCKY McELHANEY LAW FIRM, P.C.
2805 Old Fort Parkway, Suite H
Murfreesboro, Tennessee 37128

Costco Wholesale Corporation
Registered Agent: C T Corporation System
300 Montvue Road
Knoxville, TN 37919

ROCKY McELHANEY LAW FIRM

**Hendersonville**
Indian Lake
475 Saundersville Road
Hendersonville, TN 37075
(615) 932-8600 Telephone
(615) 425-2501 Fax

Justine Mitchell-Joy
justinemitchelljoy@rockylawfirm.com
Paralegal

April 9, 2025

***Via Certified Mail Return Receipt***

Costco Wholesale Corporation
C T Corporation System
300 Montvue Road
Knoxville, TN 37919

**Re: Christian and Michael Smith v. Costco Wholesale Corporation**
**Case #: 2025-CV-385**

Dear C T Corporation System:

Enclosed, please find the Filed Complaint and Summons.

Yours truly,

Justine Mitchell-Joy

Justine Mitchell-Joy

ORIGINAL

CIRCUIT COURT SUMMONS GALLATIN, TENNESSEE

**STATE OF TENNESSEE**
**SUMNER COUNTY**
**18TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

CHRISTIAN SMITH and MICHAEL SMITH

Plaintiffs

Vs.

COSTCO WHOLESALE CORPORATION

Defendant

CIVIL ACTION
DOCKET NO. **83CC1-2025-CV-385**

**Method of Service:**

☐ Sumner County Sheriff
☐ Out of County Sheriff
☐ Commissioner of Insurance
☒ Certified Mail
☐ Personal Service

**To the above-named Defendant: COSTCO WHOLESALE CORPORATION through Registered Agent: C T Corporation System, 300 Montvue Road, Knoxville, TN 37919**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 101 Public Square, Gallatin, TN 37066, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: April 9th, 2025

**KATHRYN STRONG**
Circuit Court Clerk
Sumner County, Tennessee

By: AFeltner
Deputy Clerk

| | |
|---|---|
| ATTORNEY FOR PLAINTIFFS | LEAH YODER, #039519 |
| or | 475 SAUNDERSVILLE RD. |
| | Address |
| PLAINTIFF'S ADDRESS | HENDERSONVILLE, TN 37075 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**KATHRYN STRONG**
Circuit Court Clerk

Received this summons for service this _________ day of _______________, 20____.

_______________________________
**SHERIFF**

If you have a disability and require assistance, please contact 615-452-4367

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ____________ day of __________________________________, 20______, I:

[ ] served this summons and complaint/petition on ________________________________________
________________________________________________________________ in the following manner:
________________________________________________________________________________

[ ] failed to serve this summons within 90 days after its issuance because ________________________
________________________________________________________________________________

____________________________________
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _________ day of __________________, 20 ______ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No. __________________ to the defendant, ______________________________. On the ___________ day of __________________________ 20 ______, I received the return receipt for said registered or certified mail, which had been signed by ______________________ on the ________ day of ___________________________, 20 _____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
________ DAY OF ____________________, 20_____.

____________________________________________
________NOTARY PUBLIC or ________DEPUTY CLERK
MY COMMISSION EXPIRES: ____________________

____________________________________
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF SUMNER

I, Kathryn Strong, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

KATHRYN STRONG, CLERK

(To be completed only if copy certification required.)

By: ______________________________________D.C.

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
AT GALLATIN

FILED
8:31 A M
APR 09 2025
KATHRYN STRONG, CLERK
BY ______ D.C.

| | |
|---|---|
| **CHRISTIAN SMITH and MICHAEL SMITH,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**COSTCO WHOLESALE CORPORATION,**<br><br>**Defendant.** | **CASE #** **83CC1-2025-CV-385**<br><br>**JURY DEMAND**<br><br>Honorable Judge Joe Thompson |

## COMPLAINT

**COME NOW** the Plaintiffs, Christian Smith and Michael Smith, by and through undersigned counsel, for their causes of action against the Defendant, Costco Wholesale Corporation, and respectfully state unto this Honorable Court as follows:

PARTIES

1. At all relevant times, the Plaintiff, Christian Smith (hereinafter "Christian"), was a citizen and resident of Hendersonville, Sumner County, Tennessee.

2. At all relevant times, the Plaintiff, Michael Smith (hereinafter "Michael"), was a citizen and resident of Hendersonville, Sumner County, Tennessee.

3. Upon information and belief, the Defendant, Costco Wholesale Corporation (hereinafter "Defendant Costco"), is a Washington corporation with its principal office located at 999 Lake Drive, Suite 200, Issaquah, Washington 98027. Defendant Costco may be served with process through its registered agent, C T Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919.

4. Defendant Costco is the owner of Costco Wholesale located at 1101 Forest Retreat Road, Hendersonville, Sumner County, Tennessee 37075.

5. Defendant Costco owned, operated, managed, maintained, controlled, and/or provided services at the Costco Wholesale store where Christian's injuries occurred.

6. Christian and Michael are referenced collectively hereinafter as "Plaintiffs," unless expressly stated otherwise.

JURISDICTION AND VENUE

7. This is a Complaint for personal injuries sustained by Christian as the result of a fall which occurred on or about January 2, 2025, at Costco located at or near 1101 Forest Retreat Road, Hendersonville, Sumner County, Tennessee 37075.

8. Subject matter jurisdiction over this action is proper pursuant to Tenn. Code Ann. § 16-10-101 *et seq*.

9. Venue for a trial on the merits in Sumner County, Tennessee is proper in part by virtue of Tenn. Code Ann. § 20-4-101 as the incident giving rise to this cause of action occurred in Sumner County, Tennessee.

FACTS

10. The incident giving rise to this cause of action occurred on or about January 2, 2025.

11. The incident giving rise to this cause of action occurred at Costco Wholesale store located at or near 1101 Forest Retreat Road, Hendersonville, Sumner County, Tennessee 37075 (hereinafter "the premises").

12. On January 2, 2025, Plaintiffs were customers lawfully on the premises to shop for goods.

13. Plaintiffs entered the premises, showed/scanned their membership card, and proceeded into the premises.

14. Michael approached a wire shelving rack for sale (hereinafter "rack" or "the rack") that was on display on a wooden pallet.

15. Michael looked at the rack and mentioned to Christian that he was interested in purchasing it.

16. Michael gently touched the rack to test if it was sturdy.

17. After Michael gently touched the rack, he began to walk away.

18. Suddenly and without warning, the rack came crashing down and struck Christian, causing Christian to violently fall to the ground (hereinafter "the incident").

19. Christian felt immediate and excruciating pain in her hip, shoulder, leg, and wrist.

20. Upon information and belief, the rack at issue had four wheels on the bottom of the rack that allowed the rack to roll around.

21. Upon information and belief, at all times relevant, the rack was for sale and on display sitting on top of a wooden pallet.

22. Upon information and belief, at all times relevant, the rack was not secured to the wooden pallet, the ground, a wall, or anything else to prevent it from falling on customers, guests, or members.

23. Upon information and belief, at all times relevant, the rack's wheels were not locked to prevent it from falling on customers, guests, or members.

24. Upon information and belief, the rack that struck Christian was approximately six feet and four inches tall.

25. Upon information and belief, this is the type of rack that struck Christian:



TRINITY 6-Tier Wire Shelving Rack, 48" x 18" x 72" NSF, Includes Wheels

★★★★★ 4.8 (4044) Write a review

Product Details Specifications Manuals & Guides

Overall Height (on Wheels): 77"

Overall Height (on Feet Levelers): 72"

Overall Width: 48"

Overall Depth: 18"




26. The unlocked wheels and unstable, unrestrained, and unsecured rack constitute a dangerous and/or defective condition.

27. At the time of the incident, the rack on top of the wooden pallet for display was a dangerous and/or defective condition.

28. Defendant Costco knew or should have known about the rack on top of the wooden pallet on the premises.

29. The assembly or construction of the rack created an unreasonably dangerous and/or defective condition.

30. Upon information and belief, Defendant Costco and/or its agents, employees, contractors, or assigns assembled/constructed the rack and created an unreasonably dangerous and/or defective condition.

31. Upon information and belief, Defendant Costco and/or its agents, employees, contractors, or assigns placed the unsecured rack on top of the wooden pallet and created an unreasonably dangerous and/or defective condition.

32. Upon information and belief, Defendant Costco and/or its agents, employees, contractors, or assigns did not lock the four wheels on the bottom of the rack and created an unreasonably dangerous and/or defective condition.

33. Upon information and belief, Defendant Costco and/or its agents, employees, contractors, or assigns did not secure and/or adequately secure the rack to the wooden pallet and created an unreasonably dangerous and/or defective condition.

34. Upon information and belief, there were no signs, cones, paint, tape, or other warnings on or around the area where the incident occurred to warn Plaintiffs of the dangerous and/or defective condition.

35. Upon information and belief, Defendant Costco and/or its agents, employees, contractors, or assigns did not adequately maintain the rack on display.

36. Upon information and belief, Defendant Costco and/or its agents, employees, contractors, or assigns did not inspect the rack on display to discover the existence of the dangerous and/or defective condition or inspect to ensure it was safe for display or to prevent it from falling on customers, guests, or members.

37. Defendant Costco and/or its agents, employees, contractors, or assigns knew or should have known that customers would view, observe, touch, and test out the rack for sale on display.

38. Defendant Costco and/or its agents, employees, contractors, or assigns did not have any signage stating it was not safe to touch and/or test out the rack.

39. Defendant Costco and/or its agents, employees, contractors, or assigns had actual and/or constructive notice of the dangerous and/or defective condition of the rack as it was unstable, unrestrained, unsecured, and its wheels were not locked while it sat on top of a wooden pallet.

40. Defendant Costco and/or its agents, employees, contractors, or assigns did not take appropriate measures to remedy the dangerous and/or defective condition by removing the wooden pallet from underneath the rack, securing the rack to the wooden pallet, or locking the rack's wheels.

41. Defendant Costco and/or its agents, employees, contractors, or assigns continued to allow customers to view, observe, touch, and test out the rack on display despite Defendant Costco's knowledge of its dangerous and/or defective condition.

42. Plaintiffs had a reasonable expectation that the rack for sale on display would be safe and secure to view, observe, touch, and test out.

43. At all times herein, Christian exercised due care for her own safety.

44. Christian is not at fault for the incident.

45. Defendant Costco is 100% at fault for causing the incident.

46. As a result of the incident, Christian suffered serious and painful personal injuries which required medical treatment.

## DEFENDANT COSTCO'S ACTS OF NEGLIGENCE

47. At all times relevant to this action, Defendant Costco acted by and through its agents, employees, contractors, or assigns. The doctrine of *respondeat superior* applies to Defendant Costco for the negligence of its agents, employees, contractors, or assigns acting within the scope of their employment.

48. Defendant Costco and/or its agents, employees, contractors, or assigns owed a duty of reasonable care to keep and maintain the premises in a safe condition.

49. Defendant Costco and/or its agents, employees, contractors, or assigns breached their duty of reasonable care to keep and maintain the premises in a safe condition.

50. Defendant Costco and/or its agents, employees, contractors, or assigns owed a duty of reasonable care to protect Christian from unreasonable risks of harm on the premises.

51. Defendant Costco and/or its agents, employees, contractors, or assigns breached their duty of reasonable care to protect Christian from unreasonable risks of harm on the premises.

52. Defendant Costco and/or its agents, employees, contractors, or assigns owed a duty of reasonable care to warn Christian of the existence of dangerous and/or defective conditions on the premises so that she could avoid injury.

53. Defendant Costco and/or its agents, employees, contractors, or assigns breached their duty of reasonable care to warn Christian of the existence of dangerous and/or defective conditions on the premises so that she could avoid injury.

54. Defendant Costco and/or its agents, employees, contractors, or assigns had a duty to inspect, repair, and remedy the premises so as to keep the premises in a reasonably safe condition to prevent injuries to individuals lawfully on the premises.

55. Defendant Costco and/or its agents, employees, contractors, or assigns breached their duty to inspect, repair, and remedy the premises so as to keep the premises in a reasonably safe condition.

56. Defendant Costco and/or its agents, employees, contractors, or assigns failure to remove, repair, remedy, and/or warn individuals regarding the dangerous and/or defective condition constituted a hidden, latent defect that was unknown to Plaintiffs which Plaintiffs could not discover through the exercise of reasonable diligence.

57. Defendant Costco and/or its agents, employees, contractors, or assigns created the dangerous and/or defective condition which caused Christian to fall by improperly assembling/constructing the rack, failing to adequately secure the rack to the wooden pallet and/or anywhere else, failing to lock the wheels on the bottom of the rack, and/or failing to remove the wooden pallet from underneath the rack.

58. Defendant Costco and/or its agents, employees, contractors, or assigns had a duty to secure and make the rack safe for customers to view, observe, touch, and test out the rack on display and failed to do so.

59. Defendant Costco and/or its agents, employees, contractors, or assigns knew or reasonably should have known that the unlocked wheels and unstable, unrestrained, and unsecured rack constituted an unsafe, dangerous and/or defective condition before the incident occurred.

60. Defendant Costco and/or its agents, employees, contractors, or assigns had actual and/or constructive knowledge of the presence of the unlocked wheels on the rack and the unstable, unrestrained, and unsecured rack as the condition existed for such a duration of time that it should have been discovered through the exercise of reasonable care.

## CAUSATION

61. Defendant Costco and/or its agents, employees, contractors, or assigns conduct was negligent, grossly negligent, and/or reckless.

62. Defendant Costco and/or its agents, employees, contractors, or assigns negligence, gross negligence, and/or recklessness as set forth herein, directly and proximately caused the incident and resulted in injuries to Plaintiffs and the damages here sought.

## INJURIES AND DAMAGES

63. As a direct and proximate result of Defendant Costco and/or its agents, employees, contractors, or assigns negligence, gross negligence, and/or recklessness Plaintiffs have suffered the following harms and losses:

a. Physical injuries;

b. Past medical expenses, to treat Christian's injuries;

c. Future medical expenses, to treat Christian's injuries;

d. Pain and suffering, past and future;

e. Mental anguish, past and future;

f. Loss of enjoyment of life, past and future;

g. Permanent injury;

h. Lost wages and loss of earning capacity;

i. Loss of consortium; and

j. All other general damages and other relief allowed under the laws of the State of Tennessee to which each may be entitled.

## CONSORTIUM

64. At the time of the incident, Christian was married to Michael. As a direct and

proximate result of the injuries sustained by his wife, Christian, Michael has suffered and continues to suffer a loss of consortium. The incident and the resulting injuries to Christian have negatively affected the marital relationship of Plaintiffs. Michael brings an action for loss of consortium.

SERVICE OF PROCESS

65. Defendant Costco has been properly served with process.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. That service of process issue and be served upon Defendant Costco requiring Defendant Costco to appear and answer within the time required by law;

2. A judgment against Defendant Costco, holding it liable for damages in a reasonable amount to be determined by the jury in this cause sufficient to adequately compensate Plaintiffs for their harms and losses;

3. For costs of this matter to be taxed to Defendant Costco;

4. For a jury of six to try this cause; and

5. For such other, further, and general relief to which Plaintiffs may be entitled under the law, including discretionary costs, court costs, and post-judgment interest.

Respectfully submitted,

**ROCKY McELHANEY LAW FIRM, P.C**

***/s/ ROCKY MCELHANEY***

**LEAH YODER, #039519**
**ROCKY McELHANEY, #20205**
**475 Saundersville Road**
**Hendersonville, Tennessee 37075**
**Phone: (615) 932-8600**
**Fax: (615) 425-2501**
**Email: leahyoder@rockylawfirm.com**
***Attorneys for Plaintiffs***